RANDALL W. NOLL, Plaintiff-Appellee, v. SNAP-ON-TOOLS CORPORATION, Defendant-Appellant.

Third District    No. 80-129

Opinion filed November 10, 1980.—Rehearing denied December 11, 1980.

William J. Voelker, Jr., and Robert H. Schultz, Jr., both of Heyl, Royster, Voelker & Allen, of Peoria, for appellant.

Robert G. Day, Jr., of Moehle, Reardon, Smith & Day, Ltd., of Peoria, for appellee.

Mr. JUSTICE SCOTT delivered the opinion of the court:

This case is a products liability action premised on a theory of strict liability in tort. A Peoria County jury returned a verdict in favor of the defendant. Plaintiff filed a post-trial motion, and the court below ordered a new trial. Defendant was granted leave to appeal pursuant to Supreme Court Rule 306(a)(1) (Ill. Rev. Stat. 1979, ch. 110A, par. 306(a)(1)).

Nineteen-year-old Randall W. Noll had been employed by Bill Clasen Ford, Inc., for about four weeks when he borrowed a spiral twist wire brush from a co-worker, Ken Todd. Although Noll had never used a brush of this kind before, he proceeded to use the brush and the air hand tool on which it was mounted to remove gasket material from an automotive valve cover. While using the brush, a wire broke off and injured Noll's eye.

Noll filed suit against the distributor of the brush, Snap-On-Tools Corporation, alleging theories of strict liability in tort and breach of an implied warranty. The warranty theory was voluntarily dismissed from the case, and we are concerned on appeal only with the strict liability theory. The essential thrust of Noll's strict liability theory is that the brush in question is unsafe unless used with protective eyewear, that Snap-On had a duty to warn users of the necessity for protective eyewear, and that the warning which Snap-On had provided was inadequate. The following warning was stamped into the metal cup of the brush: "Wear Eye Protection, Max. 20,000 R.P.M." A warning to wear eye protection was also given in a leaflet which was inserted into the box in which the brush was distributed.

Snap-On responded to Noll's complaint with an answer which denied that the lack of adequate warning was the proximate cause of Noll's injury and which affirmatively alleged that Noll assumed the risk of injury when he failed to wear protective eyewear and that Noll misused the product. During the trial of the cause the plaintiff conceded that he had worn safety glasses while operating a drill press at the place of his previous employment, Caterpillar Tractor Company. Also there was testimony that signs urging the use of protective eyewear were posted throughout the Bill Clasen Ford automotive shop, and that goggles or safety glasses were available at several locations within the shop.

At the conclusion of all the evidence Noll moved for a directed verdict on defendant Snap-On's affirmative defense of assumption of the risk. The trial court granted Noll's motion after finding that there was no evidence the plaintiff knew of any condition of the brush at the time of his injury which made it unreasonably dangerous. The plaintiff also moved to preclude the defendant from mentioning during closing argument the plaintiff's failure to wear eye protection. The trial court

denied this motion and ruled that such evidence could be argued in the context of proximate cause.

In the closing argument which followed, defendant's counsel, consistent with the court's ruling, made the following remarks:

> "Mr. Noll knew about it from his experience at Caterpillar that you are supposed to wear eye glasses around moving machinery.
>
> \* \* \*
>
> The evidence is clear that the circumstances surrounding this man's, the Plaintiff's, experience, as well as the work area in which he was working, that eye protection when you are moving or working around machinery, and particularly around the grinder or anything that throws objects away from it.
>
> \* \* \*
>
> He knew he should wear it and Caterpillar told him. Clasen Ford had signs all over the place. Wear eye protection. He still knew that it was around moving machinery that he should have had eye protection. He didn't wear it."

Defendant's counsel concluded that it was not the alleged inadequacy of the warning that was the proximate cause of Noll's injury, but rather plaintiff's conscious decision to use the brush without eye protection when he was fully aware of the dangers involved. After the jury returned a verdict for Snap-On, the plaintiff filed a motion for a new trial, arguing that defense counsel's closing statements improperly introduced the defenses of contributory negligence and assumption of the risk. The trial court agreed and granted a new trial. We granted leave to appeal.

■■ It is now well established in this State's jurisprudence that contributory negligence is not a defense to an action based on strict product liability in tort. (*Williams v. Brown Manufacturing Co.* (1970), 45 Ill. 2d 418, 261 N.E.2d 305.) The similar yet distinct doctrine known under law as assumption of the risk is, when proven, a bar to recovery under the strict liability theory. (*Williams v. Brown Manufacturing Co.*) In the instant case the trial court directed a verdict for the plaintiff on the issue of assumption of the risk. The propriety of that trial court decision has not been raised in the appeal before us. With regard to issues not raised, the Committee Comments to Supreme Court Rule 366(b)(2)(v) have been cited approvingly by *Turner v. Commonwealth Edison Co.* (1978), 63 Ill. App. 3d 693, 698-99, 380 N.E.2d 477, 482:

> " 'Once the appeal is allowed [under Rule 306], the whole case is before the reviewing court, and efficient judicial administration is advanced by disposing of all questions presented by the record.' (Ill. Ann. Stat., ch. 110A, par. 366(b)(2)(v), Committee Comments, at 263 (Smith-Hurd 1976).)"

The *Turner* court concluded that:

> "* * * in a review under Rule 306, the parties must raise all questions presented by the record which they desire the court to pass upon or they will be deemed to have waived such questions." (63 Ill. App. 3d 693, 699.)

Consistent with the holding in *Turner*, we must conclude that any objection to the trial court's ruling which directed a verdict for the plaintiff on assumption of the risk is waived. The trial court determined that as a matter of law, based on the evidence presented in the first trial of this matter, a jury could not find that Noll had assumed the risk of his injury. To present to the jury the elements of assumption of the risk after the trial court's ruling excluding same would improperly re-introduce that defense in the case and taint the jury's deliberation. It would not be error to grant a new trial where the jury was exposed to improper argument.

In all strict liability cases it would be improper to argue the contributory negligence defense to the jury. (*DiMaso v. Wieboldt Stores, Inc.* (1976), 37 Ill. App. 3d 966, 347 N.E.2d 466.) Under these facts, and because objections to the directed verdict are waived, it would be improper to argue the assumption of the risk defense to the jury. If the remarks of Snap-On's counsel sought to persuade the jury as to the applicability of either defense, those remarks were improper, and the grant of a new trial was correctly allowed.

It is contended here that the allegedly improper remarks as above set forth in this opinion were directed to the issues of proximate cause and misuse. Our examination of the record makes clear that the quoted remarks of counsel were not in the context of misuse of the product. If the remarks were not improper, it must be demonstrated that they were directed to the issue of proximate cause.

We have carefully reviewed the entire transcript of the closing argument as it appears in the record, and we do not believe the decision of the trial court is groundless. The trial judge is in a better position to weigh the effect of verbal pause, nuance and emphasis during the presentation of closing arguments. We can conceive of the remarks quoted above being delivered in such a manner as would lead the jury to wrongly consider the risk plaintiff assumed rather than the proximate cause of plaintiff's injury. The trial judge is charged with insuring a fair trial for all litigants. (*Village of LaGrange v. Clark* (1934), 278 Ill. App. 269.) His determination under these circumstances deserves some deference. (*Village of LaGrange v. Clark.*) We decline to reverse the new trial granted below.

Affirmed and remanded.

STENGEL, J., concurs.

1124

Mr. JUSTICE STOUDER, specially concurring:

I concur in the opinion of my colleagues. I am constrained to note, however, that no issue was presented on this appeal concerning the propriety of the trial court dismissing the defendant's affirmative defense of assumption of risk. In the absence of any claim or holding that the assumption of risk defense was proper, there is no basis, in my opinion, for disturbing the trial court's award of a new trial.